# UNITED STATES DISTRICT COURT
for the
## Western District of Kentucky
## Louisville Division

| | |
|---|---|
| William Peak )<br>         *Plaintiff* )<br> )<br> v. )<br> )<br> Midland Funding, LLC )<br>         *Defendant* )<br> Serve: )<br>         Corporation Service Company )<br>         421 W. Main Street )<br>         Frankfort, KY 40601 )<br> )<br> Fenton & McGarvey Law Firm, P.S.C. )<br>         *Defendant* )<br> Serve: )<br>         Thomas C. Fenton )<br>         401 South Fourth Street )<br>         Suite 1200 )<br>         Louisville, KY 40202 ) | Case No.  3:17-cv-178-TBR |

\*       \*       \*       \*       \*

## INTRODUCTION

1.      This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692o ("FDCPA") and for wrongful garnishment in violation of Kentucky law.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d). Plaintiff asks the Court to take supplemental jurisdiction over Plaintiff's related state-court claims under 28 U.S.C. § 1367.

## PARTIES

3.     Plaintiff William Peak is a natural person who resides in Jefferson County, Ky.  Mr. Peak is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4.     Defendant Midland Funding, LLC ("Midland") is a Delaware limited liability company, which has registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debt from creditors and collecting these debts in this state. Midland's principal place of business is located at 3111 Camino Del Rio North, Suite 1300, San Diego, CA 92108.

5.     Midland Funding, LLC is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

6.     Defendant Fenton & McGarvey Law Firm, P.S.C. ("Fenton") is a Kentucky professional service corporation and is engaged in the business of collecting debts on behalf of other legal entities, including Midland Funding, LLC. Fenton's principal place of business is located at 2401 Stanley Gault Parkway, Louisville, KY 40223.

7.     Fenton is a "debt collector" as defined by the FDCPA. 15 U.S.C. §1692a(6).

## BACKGROUND

8.     On November 22, 2011, Midland filed suit against Mr. Peak in the Jefferson Circuit Court of Jefferson County Kentucky under Case No. 11-CI-04502 (the "State Court Lawsuit") to collect a charged-off credit card debt originated by Bank of America ("BOA"). Mr. Peak's wife incurred the BOA debt without his knowledge or approval.

9.     A true and accurate copy of the Complaint in the State Court Lawsuit is attached as Exhibit "A."

10.     The BOA credit card debt was used solely for personal, family, and household purposes, which makes the BOA credit card debt a "debt" for the purposes of the FDCPA.

11.     Midland was represented by Morgan & Pottinger, P.S.C. in the State Court Lawsuit.

12.     Morgan & Pottinger, P.S.C. was Fenton's predecessor in interest.

13.     Mr. Peak and Midland entered into an agreed judgment, which was filed of record in the case on January 30, 2012 (the "Agreed Judgment").

14.     A true and accurate copy of the Agreed Judgment is attached as Exhibit "B."

15.     The Agreed Judgment provides in pertinent part:

2.     Plaintiff shall have Judgment against Defendant(s) in the sum of $10,355.38, with interest thereon at the rate of 8% per annum from April 30, 2008 until date of judgment with 12% per annum thereafter until paid  plus court costs.

3.     Defendant(s) may satisfy the above Judgment according to the following terms:

a.  Defendant(s) shall cause to be received in the office of Plaintiff's counsel the sum of $125.00 on  1/12/2012, thereafter, the Defendant(s) shall pay the sum of $125.00 per month commencing 2/12/2012, and continuing to be received on the 12th day of each succeeding month until the above Judgment is paid in full;

b.  Defendant(s) shall send funds payable to Morgan & Pottinger, P.S.C., bearing counsel's file number (10Y27508), Morgan & Pottinger, P.S.C. by mail at 204 E. Market St., Louisville, KY  40202.

16.     While the Agreed Judgment awards Midland its "court costs," no amount of court costs is included or set forth in the default judgment.

17.     Under Kentucky law, court costs awarded under Ky. Civ. R. P. 54.04, which requires the prevailing party to file and serve a bill of costs on the defendant:

A party entitled to recover costs shall prepare and serve upon the

-3-

party liable therefor a bill itemizing the costs incurred by him in the action, including filing fees, fees incident to service of process and summoning of witnesses, jury fees, warning order attorney, and guardian ad litem fees, costs of the originals of any depositions (whether taken stenographically or by other than stenographic means), fees for extraordinary services ordered to be paid by the court, and such other costs as are ordinarily recoverable by the successful party. If within five days after such service no exceptions to the bill are served on the prevailing party, the clerk shall endorse on the face of the judgment the total amount of costs recoverable as a part of the judgment. Exceptions shall be heard and resolved by the trial court in the form of a supplemental judgment.

Ky.CR 54.04(2).

18.     The purpose of requiring the prevailing party to file a bill of costs is twofold: **(i)** to give the losing party a chance to review and challenge the costs and amount of costs claimed by the prevailing party, and **(ii)** to subject the award of costs to judicial oversight and review.

19.     If a prevailing party fails to file a bill of costs as required by law, the prevailing party may not recover court costs from the losing party.

20.     Midland did not file a bill of costs in the State Court Lawsuit.

21.     Midland did not serve a bill of costs on Mr. Peak related to the State Court Lawsuit.

22.      There is no supplemental judgment entered in the State Court Lawsuit awarding Midland costs.

23.     Since entering into the Agreed Judgment, Mr. Peak has faithfully and consistently made each and every monthly payment called for under the Agreed Judgment.

24.     Despite Mr. Peak's regular payments and faithful adherence to the terms of the Agreed Judgment, Midland, through Fenton as its attorneys **(i)** filed and served a Wage Garnishment on Mr. Peak's employer on January 13, 2017 (the "Wage Garnishment"); and **(ii)** filed and served a Non-Wage Garnishment on Mr. Peak's bank on May 26, 2016 (the "Non-Wage Garnishment").

25.    A true and accurate copy of the Wage Garnishment is attached as Exhibit "C."

26.    The Wage Garnishment provides in pertinent part:



27.    The Wage Garnishment fails to give Mr. Peak any credit for the payments he made under the Agreed Judgment.

28.    The Wage Garnishment includes court costs that Midland has no legal right to collect from Mr. Peak.

29.    The Wage Garnishment was filed in breach of the terms of the Agreed Judgment, and, therefore, is an attempt to collect an amount from Mr. Peak that Midland could not legally collect.

30.    A true and accurate copy of the Non-Wage Garnishment is attached as Exhibit "D."

31.    The Non-Wage Garnishment provides in pertinent part:



32.     The Non-Wage Garnishment fails to give Mr. Peak any credit for the payments he made under the Agreed Judgment.

33.     The Non-Wage Garnishment includes court costs that Midland has no legal right to collect from Mr. Peak.

34.     The Non-Wage Garnishment was filed in breach of the terms of the Agreed Judgment, and, therefore, is an attempt to collect an amount from Mr. Peak that Midland could not legally collect.

35.     Midland Funding and/or Fenton violated the FDCPA by **(i)** falsely representing the amount of the BOA debt; **(ii)** attempting to collect a debt through a means that it could not legally take to collect the debt, *i.e.* filing and serving the Wage and Non-Wage Garnishments in breach of the terms of the Agreed Judgment; and **(iii)** including court costs in the amount due in the Wage and Non-Wage Garnishments where no timely Bill of Costs was filed in the State Court Lawsuit.

## CLAIMS FOR RELIEF

### I.     Violation of the Fair Debt Collection Practices Act

36.      The foregoing acts and omissions of Midland Funding, LLC and/or Fenton & McGarvey Law Firm, P.S.C. constitute violations of the FDCPA, including, but not limited to violations of 15 U.S.C. § 1692e and 15 U.S.C. § 1692f and one or more subsections of each section.

### II.     Wrongful Garnishment

37.     Kentucky law creates statutory and common-law causes of action for wrongful garnishment:

> KRS 411.080 delineates a cause of action for wrongful garnishment. Additionally, a wrongful garnishment can be the foundation for a

> common law cause of action for malicious prosecution. *Blankenship v. Staton*, Ky., 348 S.W.2d 925 (1961). While malicious prosecution based upon a wrongful garnishment requires that malice and the lack of probable cause be shown, these are not requisite elements for a cause of action for wrongful garnishment or attachment. *See City Lumber Co. Inc. v. Barrett*, Ky., 327 S.W.2d 402 (1959). A garnishment is wrongful when the plaintiff has no cause of action or no indebtedness exists. 6 Am. Jur. 2d, *Attachment & Garnishment*, § 601 (1963).

*Ky. Farm Bureau Mut. Ins. Co. v. Burton*, 922 S.W.2d 385, 388 (Ky. Ct. App. 1996).

38.    Midland/Fenton wrongfully filed the Wage and Non-Wage Garnishments in violation of the plain terms of the Agreed Judgment.

39.    Midland/Fenton lacked probable cause to file either the Wage or Non-Wage Garnishments.

40.    Midland/Fenton acted with intent and malice when it filed the Wage and Non-Wage Garnishments.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff William Peak requests that the Court grant him the following relief:

1.    Award Plaintiff actual damages;

2.    Award Plaintiff maximum statutory damages against each Defendant;

3.    Award Plaintiff punitive damages against Midland and Fenton

4.    Award Plaintiff reasonable attorney's fees and costs;

5.    A trial by jury; and

6.      Such other relief as may be just and proper.


                        Respectfully submitted,

                        /s/ James H. Lawson
                        James H. Lawson
                        *Lawson at Law, PLLC*
                        115 S. Sherrin Avenue, Suite 4
                        Louisville, KY 40207
                        Tel:    (502) 473-6525
                        Fax:    (502) 473-6561
                        james@kyconsumerlaw.com